**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| TERRENCE D. LITTLE, | : | |
| Petitioner, | : | Case No. 3:04CV350 |
| vs. | : | District Judge Walter Herbert Rice<br>Magistrate Judge Sharon L. Ovington |
| WILLIAM TANNER, Warden,<br>Pickaway Correctional Institution, | : | |
| | : | |
| Respondent. | | |

# REPORT AND RECOMMENDATIONS[1]

## I.    INTRODUCTION

On May 22, 2003, as part of a plea negotiation, Petitioner Terrence D. Little pled no contest to a criminal charge in the Montgomery County, Ohio Court of Common Pleas. (Doc. #8, Exhibit 4). On that same day, the trial court sentenced Little to a mandatory two-year term of incarceration with no credit for time previously served in confinement. *Id*. at Exh. 5.

Little brings the present case seeking a Writ of Habeas Corpus pursuant to 28 U.S.C. §2254. The case is before the Court upon Little's Petition and attached Exhibits (Doc. #1), Respondent's Answer/Return of Writ and attached Exhibits (Doc. #8), Little's Reply and attached Exhibits (Doc. #9), and the record as whole.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

## II. PROCEDURAL BACKGROUND

### A. State Proceedings

Prior to his no-contest plea, Little pled not guilty to two counts of possession of crack cocaine. (Doc. #8 at 4 and Exh. 1). In January 2003, again prior to his no-contest plea, Little's attorney filed with the trial court a Motion to Suppress Evidence. *Id*. at Exh. 2. Little contended through this Motion that the warrantless entry by police into the apartment where he was arrested violated his rights under the Fourth Amendment to the United States Constitution. He reasoned that there was no emergency to support the warrantless entry by police and that "[g]enerally, a warrantless entry, even to make an arrest, violates the Fourth Amendment." *Id*. at 3. Little therefore sought suppression of the evidence obtained by the police as a result of the warrantless entry. *Id*.

The trial court held an evidentiary hearing on Little's Motion to Suppress. A review of the hearing transcript reveals that three witnesses testified: two police officers and Ms. Heath. *Id*. at Exh. 11. Little's attorney cross-examined each police officer and Ms. Heath. *Id*. (Tr. at 14-20, 39-42, 50-54).

Ms. Heath testified that both her name and her son's name were on the lease of the apartment where Little was arrested. *Id*. (Tr. 43). Little was not listed on the lease as a resident of the apartment. *Id*. (Tr. 45-46). Ms. Heath described her relationship with Little as "off and on." *Id*. (Tr. 47-48). She specifically testified that Little was not living at the apartment. *Id*. (Tr. 49). On cross-examination by Little's attorney, Ms. Heath stated that Little "would stay like maybe two days, something like that" and that he would come over "[m]aybe three times a week, four times a week.." *Id*. (Tr. 52). She acknowledged that Little had a spare key to the apartment

and that they had an understanding that he could come and go as he pleased. *Id*. (Tr. 55-56). Little and Ms. Heath did not jointly pay rent. *Id*. (Tr. 57). Ms. Heath paid the utilities. *Id*. (Tr. 56-57). Little had Ms. Heath's permission to enter the premises when she was not there, and he had her permission to invite friends to visit. *Id*. (Tr. 57-58).

The trial court denied Little's Motion to Suppress in a five-page Decision. (Doc. #8, Exh. 3). The trial court found that Little had failed to demonstrate that he had a reasonable expectation of privacy in the apartment where he was arrested, and as a result, he lacked standing to raise a Fourth Amendment challenge to the warrantless entry by police officers. *Id*. at 3-4.

After his unsuccessful Motion to Suppress, Little changed his not-guilty plea to a plea of no contest. The trial court sentenced him to two years imprisonment, as stated above, *supra*, §I.

Little, through counsel, filed a timely direct appeal in the Ohio Court of Appeals raising one Assignment of Error:

> The trial court erred to [Little's] prejudice in finding that [he] lacked standing to challenge the warrantless search of the apartment in which he was arrested.

(Doc. #8, Exh. 6).

In April 2004 the Ohio Court of Appeals overruled Little's Assignment of Error, finding it without merit. *Id*. at Exh. 8. The Ohio Court of Appeals rejected Little's standing arguments as follows:

> While Little might have been considered an overnight guest in the past, he did not have permission to be on the premises at the time of his arrest. Little claims in his brief that he had permission, but the evidence clearly indicates that [Ms.] Heath withdrew her permission when she vacated the premises and told the landlord that she had tried to remove her ex-boyfriend from the apartment. Furthermore, although the couple apparently reconciled 'off and on' after [Ms.] Heath left, [Ms.] Heath only met Little at the apartment a few times. She was not under the impression that Little lived there. Instead, she thought that Little lived

>   at his mother's home.  Furthermore, Heath never testified that Little had permission to be there after she moved out.
>
>   Because Little did not have permission to be in the apartment, his status was simply that of a trespasser.  This is not a category society accepts as conveying a legitimate expectation of privacy.  Accordingly, the trial court was correct when it found that Little did not have standing to assert a Fourth Amendment claim....

*Id*. at 5.

Little filed a *pro se* Memorandum in Support of Jurisdiction in the Ohio Supreme Court raising two Propositions of Law: (1) He had a subjective expectation of privacy in the apartment where he was arrested; and (2) "Society recognizes [his] expectation of privacy in the apartment is reasonable."  (Doc. #8, Exh. 9).  The Ohio Supreme Court denied Little leave to appeal and dismissed his appeal "as not involving any substantial constitutional question."  *Id*. at Exh. 10.  The Ohio Supreme Court did not support this conclusion with any analysis.  *Id*.

### B.     Little's Present Case

Little raises two grounds for relief in his present Petition:

| | |
|---|---|
| GROUND ONE: | State court decision that was contrary to or involved an unreasonable application of clearly established law determined by the U.S. [Supreme Court] |
| Supporting Facts: | The Trial Court's decision along with the Court of Appeals['] opinion were contrary to the United States Supreme [Court] decision ... in *Katz v. United States*, 389 U.S. 347 (1967), and, the progeny in *U.S. v. Payne*, 181 F.3d 781 (6th Cir. 1999).... |
| GROUND TWO: | State court decision(s) were based on an unreasonable determination of the fact in light of the evidence presented. |
| Supporting Facts: | Petitioner exhibited a subjective expectation of privacy in the apartment where he resided.  The Trial Court's decision in denial of suppression of evidence by the defense was |

>>contrary to the decision handed down ... in *Oliver v. United States*, 466 U.S. 170, 178 (1984), and *Minnesota v. Olson*, (1990), 495 U.S. 91, 96-97 ... and *Katz, supra*, as well as the Court of Appeals['] affirmation of that decision.

(Doc. # 1 at 4).

Little has attached to his Reply Memorandum Ms. Heath's sworn statement. (Doc. #9). Ms. Heath states in part:

>[A]s a direct and proximate result of the apartment manager['s] personal bias, motivated her to make a false reference to a Dayton Police Officer.... That my boyfriend (Terrence Little) ... was trespassing on the premises....
>
>\* \* \*
>
>I personally gave Terrence Little my key to said residence and he had my permission to be in my apartment at that time, as I informed his Attorney, and the Court.

(Doc. #9, affidavit attached).

### III. ANALYSIS

Respondent contends that Little's grounds for relief are not cognizable in the present habeas corpus case under *Stone v. Powell*, 428 U.S. 465, 494 (1976) and Sixth Circuit caselaw.

"The Fourth Amendment prohibits 'unreasonable searches and seizures.' U.S. Const. amend. IV. Evidence recovered from an illegal search is inadmissible. *Weeks v. United States,* 232 U.S. 383, 398 ... (1914). Further, evidence recovered indirectly from an illegal search or seizure is also inadmissible as 'fruit of the poisonous tree.' *Segura v. United States,* 468 U.S. 796, 804 ... (1984); *Wong Sun v. United States,* 371 U.S. 471, 484-85 ... (1963); *Silverthorne Lumber Co. v. United States,* 251 U.S. 385, 392-93 ... (1920)." *Northrop v. Trippett*, 265 F.3d 372, 377-78 (6th Cir. 2001).

"[A] defendant must seek the exclusion of such evidence at trial or on direct appeal.

5

Because questions regarding the admissibility of otherwise relevant evidence seldom touch upon the 'basic justice' of a conviction, the Supreme Court bars Fourth Amendment claims from habeas review." *Northrop*, 265 F.3d at 378 (citing *Kuhlmann v. Wilson*, 477 U.S. 436, 447 (1986) and *Stone v. Powell*, 428 U.S. at 494-95). Thus, federal habeas corpus relief is not available to state prisoners who claim they were convicted on evidence seized purportedly in violation of the Fourth Amendment as long as the state courts provided them with a full and fair opportunity to litigate that question. *Stone v. Powell,* 428 U.S. at 494-95.

Little's grounds for relief challenge both the trial court's and the Ohio Court of Appeals' conclusion that he lacked standing to raise a Fourth Amendment claim concerning the police officers' warrantless entry into Ms. Heath's apartment. These grounds for relief are not cognizable in the present federal habeas corpus case, because the Ohio courts provided Little with the opportunity to fully and fairly litigate these claims, and because he in fact litigated his Fourth Amendment claims at all levels of the state courts. Little's trial attorney litigated his Fourth Amendment claims in the trial court by raising them in a Motion to Suppress Evidence and by cross examining the police officers and Ms. Heath during the trial court's evidentiary hearing. Little's appellate counsel litigated these claims in the Ohio Court of Appeals. Little litigated these claims in the Ohio Supreme Court by raising them in his *pro se* Memorandum in Support of Jurisdiction. Although Little's Fourth Amendment claims were rejected at each level of the Ohio courts, this fails to establish that he was not provided the opportunity to fully and fairly litigate these claims. *See Seymour v. Walker,* 224 F.3d 542, 553 (6th Cir. 2000)("Seymour does not, and cannot, claim that the State of Ohio did not provide her with a full and fair opportunity to litigate her Fourth Amendment claims; indeed, she did so in a suppression hearing

before trial. Therefore, she cannot obtain habeas relief based on any alleged illegal search or seizure. *See Stone v. Powell,* 428 U.S. at 494....")..

To avoid this conclusion, Little relies on the merits of his Fourth Amendment standing contentions and on the merits of his Fourth Amendment claims. *See* Doc. #9. He, for example, emphasizes that he certainly exhibited a subjective expectation of privacy in the apartment where he was arrested and that he was a guest of Ms. Heath's in the apartment. (Doc. #9 at 4). These contentions fail to show that Little was not provided a full and fair opportunity to litigate his Fourth Amendment claims in the Ohio Courts. He was given a full and fair opportunity to present these contentions during the suppression hearing, and his attorney fully explored Ms. Heath's knowledge about Little's presence in the apartment when he was arrested. *See supra*, §II(A). Additionally, his reliance on Ms. Heath's present affidavit does not assist him in demonstrating that he was not provided a full and fair opportunity to litigate his Fourth Amendment claims in the Ohio courts. Her affidavit instead restates certain aspects of her testimony during the suppression hearing or provides additional detail in support of the merits of Little's Fourth Amendment claims. *See* Doc. #9 (affidavit attached). Because Little had a full and fair opportunity to present this information to the trial court during the suppression hearing, Ms. Heath's affidavit does not assist him in overcoming the *Stone v. Powell* bar to his Fourth Amendment claims in the present case.

Accordingly, Little's Fourth Amendment claims are not cognizable in the present case. *See Stone v. Powell*, 428 U.S. at 494; *see also Seymour,* 224 F.3d at 553.

**IV.	CERTIFICATE OF APPEALABILITY**

Before petitioners may take an appeal from a denial of a Petition for a Writ of Habeas

Corpus, they must first obtain a certificate of appealability. 28 U.S.C. §2253(c)(1)(A). To obtain a certificate of appealability when a petition is denied on the merits, the petitioner must make a substantial showing of the denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This is accomplished by showing that reasonable jurists could debate whether the Petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. *Slack*, 529 U.S. at 484 (quoting *Barefoot v. Estelle,* 463 U.S. 880, 893 (1983)).

If the District Court dismisses a habeas Petition on procedural grounds without reaching constitutional questions, the petitioner must show that jurists of reason would find it debatable whether the District Court was correct in its procedural ruling. *Slack*, 529 U.S. at 484. The procedural issue should be decided first so as to avoid unnecessary constitutional rulings. *Slack*, 529 U.S. at 485 (citing *Ashwander v. TVA*, 297 U.S. 288, 347 (1936)(Brandeis, J., concurring)).

As discussed above, Little's Petition contains claims that are not cognizable in a federal habeas corpus case. Nothing in Little's Petition, his Reply, or his Exhibits reveals a circumstance sufficient to show that he has raised a substantial constitutional question. These materials likewise fail to show that reasonable jurists would disagree with the conclusion that Little's Petition raises non-cognizable claims.

Accordingly, a certificate of appealability should not issue in this case.

**IT IS THEREFORE RECOMMENDED THAT:**

    1.    Terrence D. Little's Petition for Writ of Habeas Corpus be DENIED and DISMISSED;

2. A certificate of appealability under 28 U.S.C. §2253(c) not issue; and,

3. The case be terminated on the docket of this Court.

May 5, 2005                                     s/ Sharon L. Ovington
                                             Sharon L. Ovington
                                          United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).